*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* CLARK/COOK, Minors.

UNPUBLISHED
June 29, 2023

No. 362971
Wayne Circuit Court
Family Division
LC No. 2020-000569-NA

Before: MARKEY, P.J., and JANSEN and K. F. KELLY, JJ.

PER CURIAM.

Respondent appeals by right the trial court's order terminating her parental rights to her three minor children, NJC, TMC, and GNC, under MCL 712A.19b(3)(c)(*i*) (conditions of adjudication continue to exist), (g) (failure to provide care or custody), and (j) (reasonable likelihood that child will be harmed if returned to parent). We affirm.

## I. BACKGROUND

Respondent is the mother of NJC, TMC, and GNC. In June 2020, petitioner sought authorization of a petition to acquire jurisdiction over all three children. The petition alleged that respondent used heroin during her pregnancy with GNC and that she had ongoing substance-abuse issues. GNC tested positive for drugs at birth and experienced severe withdrawal. The petition further alleged that it was dangerous for all three children to remain with respondent because of her substance abuse. The petition was authorized, and the children were removed and placed with relative caregivers. The trial court exercised jurisdiction over the children in October 2020 after an adjudication. Under a parent-agency treatment plan, respondent was required to complete parenting classes, participate in individual therapy focusing on respondent's substance abuse, complete random, weekly drug screens, obtain and maintain suitable housing, obtain and maintain a legal source of income, and complete a psychological evaluation. In October 2021, petitioner filed a supplemental petition seeking to terminate respondent's parental rights, alleging that respondent had neglected to care for the children and that she had failed to complete her treatment plan.

At the conclusion of the termination hearing, the trial court found clear and convincing evidence that statutory grounds existed to terminate respondent's parental rights to all three children under MCL 712A.19b(3)(c)(*i*), (g), and (j). The trial court also determined that petitioner

-1-

established by a preponderance of the evidence that termination of respondent's parental rights was in all three children's best interests. The trial court then entered an order terminating respondent's parental rights.

## II. REASONABLE EFFORTS TO REUNIFY THE FAMILY

Respondent first argues that the trial court clearly erred when it found that petitioner made reasonable efforts to reunify respondent with her children. We disagree.

"We review the trial court's findings regarding reasonable efforts for clear error." *In re Smith*, 324 Mich App 28, 43; 919 NW2d 427 (2018). "A finding is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake has been made." *Id*. (quotation marks and citation omitted).

"In general, petitioner must make reasonable efforts to rectify conditions, to reunify families, and to avoid termination of parental rights." *In re LE*, 278 Mich App 1, 18; 747 NW2d 883 (2008), overruled in part on other grounds by *In re Sanders*, 495 Mich 394, 422; 852 NW2d 524 (2014). Termination is premature when a respondent is "not afforded a meaningful and adequate opportunity to participate." *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010). The burden is on the petitioner to "ensure that appropriate services are provided." *In re Rood*, 483 Mich 73, 105; 763 NW2d 587 (2009). Although the petitioner "has a responsibility to expend reasonable efforts to provide services to secure reunification, there exists a commensurate responsibility on the part of respondents to participate in the services that are offered." *In re Frey*, 297 Mich App 242, 248; 824 NW2d 569 (2012).

Here, petitioner went over the treatment plan with respondent on multiple occasions and informed her of the importance of engaging in the services that were being offered to respondent. Petitioner referred respondent to parenting classes several times and offered respondent 132 scheduled visits with her children. Petitioner also referred respondent to individual therapy sessions at least four times during the pendency of the proceedings. After respondent was terminated early from therapy sessions for attendance failures in March and April of 2021, petitioner again referred respondent for therapy in July 2021. Additionally, petitioner provided for drug screening so as to monitor respondent's efforts at overcoming her addiction to drugs. Furthermore, petitioner offered respondent two in-person drug screens, one before a visitation in March 2021 and the other shortly before the March 2022 termination hearing. After the March 2021 screen came back positive for heroin and cocaine, petitioner discussed the results with respondent and referred her to inpatient treatment for her substance-abuse issues. Petitioner also referred respondent for a psychiatric evaluation three times; however, respondent never attended or completed an assessment. Based on the evidence presented, we conclude that the trial court did not clearly err by finding that petitioner made reasonable efforts to rectify the conditions, to reunify respondent with her children, and to avoid terminating respondent's parental rights. Rather, the record reflects that respondent failed to fulfill her obligation to participate in the services that were offered to her.

Respondent also argues that petitioner had a duty under the Americans with Disabilities Act (ADA), MCL 42 USC 12101 *et seq.*, to make extra efforts to ensure her a fair opportunity to benefit from the services offered by petitioner. Respondent argues that petitioner was aware that

respondent had or may have suffered a disability or impairment and failed to accommodate her.[1] We disagree. Although "[a] parent may not raise violations of the ADA as a defense to termination of parental rights proceedings," *In re Terry*, 240 Mich App 14, 25; 610 NW2d 563 (2000), petitioner is required to make "reasonable modifications to the services or programs offered to a disabled parent," *In re Hicks/Brown*, 500 Mich 79, 86; 893 NW2d 637 (2017). But under the ADA, "the term 'disability' shall not include . . . psychoactive substance abuse disorders resulting from current illegal use of drugs." 42 USC 12211(b)(3). Respondent admitted to illegally using heroin less than a week before the termination hearing and to using heroin "on and off" since GNC's birth. Thus, even though respondent was diagnosed with opioid use disorder, her current use of heroin was illegal, and her disorder cannot be considered a disability under the ADA. Therefore, we hold that respondent's argument lacks merit.

### III. STATUTORY GROUNDS AND BEST INTERESTS

On appeal, respondent argues that the trial court clearly erred by finding that there existed clear and convincing evidence of the statutory grounds for termination and by finding by a preponderance of the evidence that termination of respondent's parental rights was in the children's best interests. In *In re Mota*, 334 Mich App 300, 320; 964 NW2d 881 (2020), this Court set forth the following framework with respect to appeals challenging the statutory grounds for termination and the best-interests determination:

> If a trial court finds that a single statutory ground for termination has been established by clear and convincing evidence and that it has been proved by a preponderance of the evidence that termination of parental rights is in the best interests of a child, the court is mandated to terminate a respondent's parental rights to that child. This Court reviews for clear error the trial court's ruling that a statutory ground for termination has been established and its ruling that termination is in the children's best interests. A finding is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed. When applying the clear error standard in parental termination cases, regard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it. [Quotation marks, citations, brackets, and ellipses omitted.]

### A. STATUTORY GROUND FOR TERMINATION – MCL 712A.19b(3)(c)(*i*)

A trial court may terminate parental rights under MCL 712A.19b(3)(c)(*i*) if it finds by clear and convincing evidence that after 182 days or more have elapsed since the initial dispositional order was entered, "[t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." In this case, the initial dispositional order was entered in October 2020; therefore,

---

[1] Respondent does not identify her alleged disability in her brief on appeal. She asserts that petitioner gave her forms to fill out for a program intended to help individuals with disabilities in finding employment or training. Thus demonstrating, respondent argues, that petitioner was aware that respondent "had or may have had a disability."

more than 182 days elapsed before the trial court terminated respondent's parental rights in July 2022. We conclude that the conditions that led to respondent's adjudication continued to exist. The initial petition alleged that respondent used heroin throughout her pregnancy with GNC and that she did not attend a drug rehabilitation program or any other substance-abuse treatment program during the pregnancy. The petition also alleged that it was dangerous for NJC, TMC, and GNC to remain with respondent due to her substance-abuse issues. At respondent's adjudication in October 2020, the trial court took note of these conditions and ordered respondent to complete a treatment plan to rectify the conditions.

We conclude that the trial court did not clearly err by finding clear and convincing evidence that the conditions of adjudication continued to exist, that respondent did not rectify any of the conditions, that respondent had been given a reasonable opportunity to rectify those conditions, and that there was no reasonable likelihood that respondent would rectify the conditions within a reasonable time. Petitioner presented evidence that respondent had not completed any of the conditions of her treatment plan.

Respondent did not complete a single random drug screen that she was required to complete: she missed all 127 out of 127 random drug screens. Before a scheduled visit with her children in March 2021, respondent consented to an in-person drug screen. The screen came back positive for heroin and cocaine. Respondent also testified that she used heroin after GNC's birth and that she was still using heroin "on and off." Additionally, respondent declined to take a drug test a week before the March 2022 termination hearing because she "wasn't clean" and feared that drugs were "still in [her] system." Respondent also received early terminations from individual therapy sessions for failing to attend; these sessions were intended to focus on respondent's substance-abuse issues. Respondent had yet to complete individual therapy at the time her parental rights were terminated. Thus, sufficient evidence was presented to show that respondent's substance-abuse issues continued to exist and had not been rectified. Respondent had the same treatment plan since 2020 and was given a reasonable opportunity to rectify her drug-abuse problem. Petitioner referred respondent to substance-abuse therapy at least four times, ultimately without success. Accordingly, there was no reasonable likelihood that respondent would rectify her substance-abuse issues within a reasonable time. In sum, we hold that the trial court did not clearly err by finding that MCL 712A.19b(3)(c)(*i*) had been established by clear and convincing evidence.

## B. STATUTORY GROUND FOR TERMINATION – MCL 712A.19b(3)(g)

A court may terminate parental rights under MCL 712A.19b(3)(g) if it finds by clear and convincing evidence that "[t]he parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." "[A] parent's failure to comply with the parent-agency agreement is evidence of a parent's failure to provide proper care and custody for the child." *In re JK*, 468 Mich 202, 214; 661 NW2d 216 (2003). "By the same token, the parent's *compliance* with the parent-agency agreement is evidence of her ability to provide proper care and custody." *Id*.

We conclude that the trial court did not clearly err when it found clear and convincing evidence that respondent failed to provide proper care or custody for the children and that there

was no reasonable expectation that respondent would be able to provide proper care and custody within a reasonable time. Petitioner presented evidence that respondent failed to comply with her treatment plan. Respondent missed 96 out of 132 scheduled visits with her children, did not complete any of the 127 drug screens, did not complete individual therapy for her substance-abuse issues, did not complete the court-ordered psychiatric evaluation, and did not provide proof of a legal source of income or suitable housing. Respondent had the same treatment plan since 2020 and did not substantially complete any portion of the plan during the two-year period.

Regarding respondent's financial ability to provide and care for the children, the court did not explicitly find that respondent failed to provide care or custody for the children despite being financially able to do so. Respondent, however, does not pose an argument regarding her financial capacity or ability; therefore, we decline to address that particular issue. Because respondent failed to follow through on her treatment plan, which she had years to work on, we conclude that there was no reasonable expectation that respondent would provide proper care and custody for NJC, TMC, and GNC within a reasonable time. In sum, we hold that the trial court did not clearly err by finding that MCL 712A.19b(3)(g) had been established by clear and convincing evidence.

## C. STATUTORY GROUND FOR TERMINATION – MCL 712A.19b(3)(j)

A court may terminate parental rights under MCL 712A.19b(3)(j) if it finds by clear and convincing evidence that "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent." "[A] parent's failure to comply with the terms and conditions of his or her service plan is evidence that the child will be harmed if returned to the parent's home." *In re White*, 303 Mich App 701, 711; 846 NW2d 61 (2014). In this case, petitioner presented evidence that respondent did not comply with the terms of her service plan. And as noted earlier, respondent missed 96 out of 132 scheduled visits with her children and missed all of the 127 drug screens that she was required to complete. Although respondent began individual therapy twice, she was terminated early both times for failing to attend sessions. Respondent also failed to provide petitioner with proof of a legal source of income or proof of adequate housing. While petitioner was unable to complete an assessment on respondent's house, petitioner noted that respondent's housing situation was likely not a safe environment for the children due to the large number of people observed regularly going in and out of the house. Respondent testified that she had been clean from drugs for four days and that she had recently scheduled an intake for a drug screen, but we conclude that respondent's efforts to comply with her treatment plan were too little, too late. Respondent had almost two years to come into compliance with the treatment plan and failed to make efforts to complete the requirements until shortly before the termination hearing.

Furthermore, as referenced earlier, respondent tested positive for heroin and cocaine before a parenting visit in March 2021, and respondent admitted to using heroin "on and off" since GNC's birth. And again, respondent declined to take a drug screen the week before the March 2022 termination hearing because she knew "[she] wasn't clean." Thus, we conclude that there existed a reasonable likelihood that the children would be harmed if returned to respondent's home based on respondent's continued substance-abuse issues. In sum, we hold that the trial court did not clearly err by finding that MCL 712A.19b(3)(j) had been established by clear and convincing evidence.

## D. BEST INTERESTS

In *In re Mota*, 334 Mich App at 321, this Court discussed the best-interests analysis, stating as follows:

> With respect to a child's best interests, we focus on the child rather than the parent. In assessing a child's best interests, a trial court may consider such factors as a child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption. The trial court may also consider how long the child was in foster care or placed with relatives, along with the likelihood that the child could be returned to the parents' home within the foreseeable future, if at all. [Quotation marks, citations, and brackets omitted.]

A child's placement with relatives weighs against termination, and the fact that a child is living with relatives when a case proceeds to termination is a factor that must be considered in determining whether termination is in the child's best interests. *In re Olive/Metts*, 297 Mich App 35, 43; 823 NW2d 144 (2012). But a trial court may nevertheless terminate parental rights despite placement with relatives if it determines that termination is in the child's best interests. *Id.*

We conclude that respondent's continued use of heroin and her failure to address her addiction constituted a continuing threat to her children's safety and emotional well-being. Although NJC and TMC were bonded to respondent, the risk of harm to the children outweighed the bond between respondent and her children. Further, the children's need for permanency and stability will best be satisfied through adoption. All three children were placed with relative caregivers where all of their needs were being met. The relative caregivers were also willing to adopt and provide permanency for the children. Although placement with a relative generally weighs against termination, we agree with the trial court that termination was necessary despite the children's placement with relatives in order to provide each child with permanency and stability. Again, respondent missed 96 out of 132 scheduled visits with her children and did not comply with rest of her treatment plan. Respondent had almost two years to complete her treatment plan and only began to make efforts to complete it right before the termination hearing. Thus, we hold that the trial court did not clearly err by finding that termination of respondent's parental rights was in the best interests of the children.

We affirm.

/s/ Jane E. Markey
/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly